UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SAMSUNG GALAXY SMARTPHONE
MARKETING AND SALES PRACTICES LITIGATION            MDL No. 2771

ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiffs in the *Martin* action listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. This litigation consists of four actions—three pending in the Northern District of California and one pending in the Southern District of New York—as listed on Schedule A.[1] Plaintiff in the New York action opposes centralization and alternatively suggests the Southern District of New York as the transferee district should we centralize this litigation. Defendants Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (collectively, Samsung) also oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Movants have not met that burden here.

There is no dispute that these actions share some common factual questions arising from allegations that eight of Samsung's "Galaxy" brand smartphones[2] are defective, such that the lithium ion batteries in these phones are prone to overheating, catching fire, or even exploding. There is, however, only a single common claim (unjust enrichment) between the California actions, brought on behalf of a putative class of California purchasers, and the New York action, brought on behalf

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel has been notified of four additional actions involving related issues and pending in the Eastern District of California, the Northern District of California, and the District of Massachusetts.

[2] The eight Samsung products subject to these actions include: the Galaxy S6, the Galaxy S6 Edge, the Galaxy S6 Active, the Galaxy S6 Edge+, the Galaxy S7, the Galaxy S7 Edge, the Galaxy S7 Active, and the Galaxy Note5. The Galaxy Note7, which was recalled in late 2016 after a number of Note7s caught fire, is not the subject of this litigation.

-2-

of a nationwide class and Pennsylvania subclass of purchasers. Similarly, the related action identified by the parties as pending in the District of Massachusetts involves a class of Massachusetts purchasers. Thus, the potential for centralization to significantly reduce or eliminate conflicting pretrial orders related to class certification is minimal here.

More importantly, this litigation involves only eight actions (including the related actions identified by the parties) pending in four districts. Five of those actions (pending in the Northern District of California) are likely to be coordinated before a single judge. For purposes of centralization, then, there effectively are only four actions we need consider here, two of which are pending in adjacent districts. At oral argument, all counsel stated that they were amenable to coordinating discovery to eliminate duplicative depositions and document productions. In these circumstances, alternatives to centralization, such as informal cooperation among the relatively few involved attorneys and coordination among the involved courts, are eminently feasible and will be sufficient to minimize any potential for duplicative discovery or inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Lewis A. Kaplan         Ellen Segal Huvelle
R. David Proctor        Catherine D. Perry

IN RE: SAMSUNG GALAXY SMARTPHONE
MARKETING AND SALES PRACTICES LITIGATION          MDL No. 2771

## SCHEDULE A

<u>Northern District of California</u>

MARTIN, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
    C.A. No. 5:16-06391
PIRVERDIAN, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
    C.A. No. 5:16-07325
ANGUIANO v. SAMSUNG ELECTRONICS AMERICA, INC., ET AL.,
    C.A. No. 5:17-00315

<u>Southern District of New York</u>

GILLIGAN v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 1:16-09803